v. Century Steps 2008-1399 We're ready when you are Mr. Oake. May it please the court. My name is Robert Oake and I represent RFR Industries, Inc. This was originally a patent case, but it is now a case involving contractual liability and an award of attorney's fees. RFR was initially found contractually liable to Century under a settlement agreement. Then Century was found contractually liable to Rex-Hide, which ultimately the courts held made RFR contractually liable to Rex-Hide. I think we know the facts. Didn't this court send it back to recalculate fees? Yes, Your Honor, it did. Isn't that the issue, the sole issue before us? I would argue that another issue has arisen on the remand, and that is the question of whether, of exactly what is the timing of the indemnity agreement and whether That goes to the fees, the amount of the fees, if any. Yes. So it is, as Judge Rory said, basically a fees issue. That's an argument that you make. It is a fees issue. Yes, it is. Okay. So with regard to the first contractual indemnity, under traditional and well-accepted principles of contract law, Century and Rex-Hide had the burden to prove the existence of an offer and an acceptance that included the indemnity terms. But it seems to me, so tell me while I'm wrong, that in that argument and in the argument particularly in the gray brief and also in the blue brief, what you're, in order to prevail under your theory, you're really asking for the court to change the position it took in an earlier case, which you appealed on rehearing and you even filed for cert on, and cert was denied. So explain to me if you, why or how you're not really seeking to undermine or change the result in the earlier appeal, unless you acknowledge that you are. Your Honor, it is unclear to me what the basis of the earlier, of this court's earlier opinion in this case was. Does that matter? Does the basis matter or does the result matter? Does the judgment matter? The basis matters. Because there's an issue of retroactivity and whether a third party can be held retroactively liable for a contractual agreement of indemnity. Because if you analyze the facts of this case under traditional contract law, a contract for indemnity did not exist before the parties in litigation stipulated that it existed. There has been no case cited by the district court or by this court or by So your bottom line is that therefore this court must have been wrong in its earlier opinion and we ought to revisit that. That's what I'm understanding. Am I wrong about that? It is, it was my interpretation of this court's earlier opinion that what created this contractual indemnity  I took a look again at the refresh of my memory on this and looked at the opinion. Where do we refer to the indemnity? I'm sorry, where do we refer to the stipulation? You're referring to what took place in court between Century and Rexide, but where is that in our opinion? There is no reference to the stipulation in this court's opinion. You probably know better than I do, having been back over, but I don't even recall it coming up at oral argument, the stipulation. I don't recall if it did or not. And therefore this court decided that indemnification was required by the sales contract, did it not? Or are you saying that's ambiguous? Yes, but the question is, what is the timing of the sales contract? When did the sales contract come into existence? What I have been saying, and what is unclear from this court's first opinion, is contract law requires an offer, an acceptance, and a meeting of the minds, an agreement between parties. There was never any agreement between these parties for indemnity before they agreed during the litigation that there should be indemnity. That's the very first time. There has been no case cited that the documents that went back and forth between the parties earlier on in this... So you're saying that the earlier opinion was incorrect? Well, to the extent the earlier opinion can be interpreted as meaning that a contract was formed by the quotation, which reserved the right of acceptance to Rexide and could not have been an offer, then, I mean, all I can say is there is no contract law to support that resolution. But whether it was right or wrong, if it's law of the case, it was decided. Well, the issue on law of the case is a complex one, and we have fully briefed that in the briefs. Law of the case only applies to issues that have been properly raised and properly discussed by the court. And when you have a remand of an issue, like you do in this particular case, and it goes back to the district court, there is flexibility. But the remand was on amount, not on the legal basis, which was contract. Well, but, first of all, on law of the case, there is enough flexibility to allow the parties to explore other issues. I mean, basically what we're trying to do is achieve substantial justice in this process. And on the first appeal, I relied upon boilerplate contract law that there was not a contract, and it was very surprising to me that the court held that there was a contract. I don't think reasonably I could have been expected to raise the issue of retroactivity on the first appeal. Well, that's fine, but you had your opportunity, which you availed yourself of, to seek rehearing on the initial case. You filed for cert in the Supreme Court. You had the opportunity to challenge that, even if you say it came as a surprise to you, to no avail. So where does that leave you now? Do you think you have the opportunity now to re-argue that issue here because you think the basis for the court's decision was wrong? Well, I would say two things. First of all, it— The first thing is yes. It sounds—yes. Well, I guess I am. I'm asking—I'm obviously making these arguments. But with regard to law of the case, the only issues that are foreclosed are those that have been decided expressly or by necessary implication. There were no attorney's fees awarded by this court in the first appeal, and so therefore the issue of retroactivity was not decided, certainly not expressly, and it wasn't decided by necessary implication either. Therefore, it's a fair issue. Once you go back on remand for the— But you don't get to retroactivity, do you, Mr. Oak, unless you accept your argument that the basis for the decision— That is correct. I mean, and that gets back to what we've been—what Judge Prost and Judge Lurie and I have all been discussing with you. I mean, I was looking again, though, at the opinion from before, and above the paragraph where we talk about, you know, we're not going to disturb the decision of the district court, right above that is a paragraph in which the opinion lays out the quotation form, the response to the quotation form, and so forth. I mean, looking at it in context, it seems awfully difficult to see how that case was decided on anything but the way the district court decided it, and we said, as a matter of law, we don't dispute the proposition that a contract of indemnity came into existence. Again, there's no discussion of a stipulation. The confusion to me was this. The district court based its contractual theory on the fact that the quotation was the offer. I said it could not be the offer as a matter of law, but the district court concluded it was the offer. This court, in its opinion, said that even if the Rex Hyde quotation that contained the indemnity terms was not an offer, RFR has not given this court any reason to reverse the district court. I don't know what that means, because if this court assumes that the quotation is not an offer, then there is no basis at all for the earlier contractual indemnity, and the only way that you ever had a meeting of the minds was the two parties agreeing during the litigation. So you're asking this panel to say that opinion was wrong because it couldn't possibly be right, and therefore we should vacate any award of attorney's fees. First of all, let me get this out, that even under the mandate rule and law of the case, if you have clear error, and it would work a manifest injustice, this court can change it. And to the extent that the earlier opinion can be interpreted as saying that the quotation was the offer, there is clear error, and it has worked a manifest injustice. But I interpreted this language as meaning that because the court says even if the quotation was not an offer, what else can that mean? The only other meeting of the minds that occurred was the stipulation that occurred between the parties, and after a century had completely changed its mind after the fact. So that's, I mean, the opinion is unclear, and that's basically where I'm coming from. Well, the second point would be that if you disagree with that argument, we would argue that the attorney's fees should be reduced. And I understand that attorney's fees are in the discretion of the trial court, but there are rules that must be followed, and awards have been reversed or reduced for an abuse of discretion, and this is an appropriate case. Not often, correct? It depends on the facts of the case. I would say any time you have the facts that you have in this case, it should be. What should the district court have done? Should they have gone through a line-by-line analysis, parsing each request for fee? That would have been one approach. I think you certainly had an indication that there was a severe problem with this case, given the clear gross excess in the amount of attorney's fees that were requested, that were not properly documented, that were still related to indemnity, even though this court said that you should remove attorney's fees that were related to indemnity. There was a lack of an arm's-length relationship between Rexhaid and its counsel. They were family members. There was a clear motive and opportunity to inflate these attorney's fees, as I've explained in the brief. There was no affidavit or declaration supporting Rexhaid's attorney's fees at all. So I think that there was a clear indication of a problem, and the court should have focused in on my objections, and the court did not do that. The court simply said, and the district court is under an obligation to provide a clear and concise explanation for the basis of what it did, and it simply said, I've reviewed the records and I find them adequate. And I don't think that that… Well, the district court knocked it down by a third, correct? That's… And how much were you seeking to knock it down? Let's see. Leaving aside your retroactivity point. Okay. Well, Rexhaid was awarded $150,000 in fees, $10,000 in expenses. We were seeking to knock it down to $83,000 in fees, $10,000 in expenses. Century was awarded $70,000 in fees, $2,000 in expenses, and we were seeking to knock it down to $20,795 in fees and $2,000 in expenses. So essentially the district court knocked it down one third, you were seeking to knock it down two thirds. That's the way the figures work out. But again, what I wanted in this case is for the courts to focus on the facts and the law. And, you know, we made the specific objections and I think they were good objections and I think that the district court should have reviewed the objections and knocked the fees down further. Do you want to save the remainder of your rebuttal time? Yes, Your Honor. Thank you. Mr. Emerson. Thank you, Your Honor. May it please the court. Again, I'm Russ Emerson. I represent Century Precast in this case. The first point I'd like to make is obviously the argument that RFR is making in this case, on the retroactivity argument, is exactly what you guys have noted, and that is that this court got it wrong the first time around. And they are, RFR is barred from re-arguing that point. Mr. Oak said that there was never a meeting of the minds until this pre-trial stipulation. Well, the quote form at issue, the quote form that we have in the appendix, is dated October of 1993. Where is that exactly in the appendix? It is at JA1103, Your Honor. I believe that was dated October of 1993. So in October of 1993, Rex Hyde sends Century a quote form that says, We will sell you rubber for X dollars. Century then sends in a purchase order that said, We would like to buy rubber for X dollars. Then Rex Hyde sends rubber to Century, plus an invoice. Century sends X dollars back to Rex Hyde. All of this happens in the early 1990s. Somewhere in there, there is a meeting of the minds, obviously. There was a transaction, as Judge Michel put it in the last argument, of money for rubber. They gave us rubber, we gave them money. There was a contract. The question before the court was, what were the terms of that contract? And this court held that the terms of the contract that obviously had been entered into included this indemnification term that was on the quote sheet. So that answers that question. It's been answered already by this court, and it is improper to raise that again here in this appeal. Do you think it's the law of the case? Yes, sir. I do, Your Honor. What about the recalculation of the fees? Well, that is an abuse of discretion standard. Judge Prost, you're absolutely correct. This is done very, very rarely. In fact, one of the cases that, I believe it was the Leroy case that RFR cited, where the Fifth Circuit did, in fact, remand because of an abuse of discretion. They said, well, this is a very rare instance indeed. How did the court come to knock down a third? Was that third that they knocked down exclusively on the indemnification aspect? His opinion is not clear on that. What he was tasked to do by this court was to remove any fees that were expended by the parties in establishing their respective indemnities. Doesn't he then have to show us how he did it? None of the cases cited here require the court to go through line by line in its opinion and parse every single entry and say this was for X and this was for Y. In other words, he said I did it and that's good enough. He said I did it and that's good enough. But all I'm wondering about is what did he say that he did? Did he say, I mean, he chopped the award up by one-third. Did he do it because he was saying that that one-third was the stuff that the Federal Circuit told me to exclude because it was in the indemnification area? Do we know on what basis he took a third off? Well, we do know that the judge adjusted the fees downward for the indemnity, the indemnification issue. As far as the other thing that this court directed the lower court to do on remand was to look again at the issue of the adequacy of the records. We said we didn't need to get into it. You don't need to get into it. We assume that the judge, Judge Kincaid of the lower court, will address the adequacy of the records question on remand. But is it clear to you that the award that he ultimately came to did not include any fees for establishing the right of indemnification? He says that he deducted those fees. So, yes, that is clear to me. And as far as the adequacy of the records, the court notes that he has reviewed the records and finds them to be adequate. And let's just step through a little bit here what the court had in front of it. First of all, the court had the records back in 2005 when we went through this drill the first time. It comes up on appeal. It gets remanded. Both Rex High and Century submit all of their invoices. The court comes back with a second order and says, well, here's how I want you to do it. Submit spreadsheets to me. Tell me exactly on these spreadsheets what time was spent addressing the indemnity issue and what time was not. We did that. Both parties did that. The court then held oral argument on the motion. And in our district, the Northern District of Texas, and Mr. Roque can verify this, it's fairly rare for courts to hold oral argument on motions. Most things are done on the briefing. In this case, he held an oral argument. And then he issued an opinion where he clearly states that he stepped through all of the factors required by the Fifth Circuit, that he addressed the issue of the indemnities and subtracting out the time spent establishing the indemnities, and that he did address the adequacy question and he found that our records were adequate. So, Your Honors, if there are no questions, I am done with my presentation. Fine. Thank you, Mr. Omerson. Thank you. Mr. Roque has a couple of minutes left. Thank you, Your Honors. With regard to the offer and the acceptance, let me just say that, and I say this with respect to this court, no case that I am aware of has ever held that pre-offer terms become a part of the contract. I have been asking throughout the many years of this case for someone to show me a contract case that supports the theory where the quotation, the indemnity terms in the quotation become part of the contract. No one has ever shown me a case. Now, I do not dispute that this court has the power to make that ruling. It does, and I don't dispute that. But what I'm saying is it was unclear to me, based on what this court said in the first opinion, that even if the quotation, the terms in the quotation were not an offer, it was confusing to me. So therefore, I think it was a fair argument for me to raise on just what did create the contract. And if it was the stipulation, then that was after all the attorney's fees were incurred, and under the rule that third-party liability cannot be created retroactively, those attorney's fees should not be awarded. With regard to what the district court judge did on his explanation, the only explanation I believe he gave was that he deducted, and the specific explanation was that he deducted the amount for the indemnity trial. And, of course, that had already been removed by the parties. Other than that, we don't have an explanation. Thank you, Your Honor. Thank you, Mr. Oak. The case will be taken under advisement.